IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00284-CMA

UNITED STATES OF AMERICA,

    Plaintiff

v.

**1.**    DONALD ILEY

    Defendant.

---

**UNOPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE OF TRIAL**

---

    The Defendant, Don Iley, by through his attorneys, Gary Lozow and Lara Marks Baker, of Foster Graham Milstein & Calisher, LLP, and moves this Honorable Court to enter an Order pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B) for a 180 day ends of justice continuance of the trial and for a 120-day extension to file non-CJA motions and as grounds therefor states as follows:

    1.    Defendant has been indicted and charged with 12 Counts of Wire Fraud in violation of 18 U.S.C. § 1343; two Counts of Mail Fraud, in violation of 18 U.S.C. § 1341; and 17 Counts of Preparation of False Tax Returns, in violation of 26 U.S.C. § 7206(2).

    2.    Defendant has received what is described as discovery amounting to approximately 39,000 documents involving more than 35,900 pages.

3. The Defendant requires considerable additional time for proper review of discovery and investigation in light of the serious and substantial volume of charges herein and the voluminous documents involved in this case.

4. On September 14, 2016, Defendant Don Iley pled not guilty to all Counts of the Indictment.

5. Trial in this matter is currently scheduled for a two-week trial commencing on November 7, 2016.

6. Pretrial Motions are presently due on September 28, 2016.

7. The Defendant is charged with unlawful and criminal activity covering a period of more than four and one-half years (January 26, 2011 thru November 15, 2015).

8. Defendant Don Iley also faces possible forfeiture efforts.

9. Defendant Don Iley needs additional time to file appropriate motions and briefs in relation to the various and multiple allegations in this case.

10. Defendant Don Iley submits that in the exercise of due diligence, a 180-day ends of justice continuance of the trial may provide adequate and sufficient time to properly prepare for trial.

11. Defense has conferred with the Government, through the United States Attorney J. Chris Larson concerning this request. The Government has no objection to this request.

12. Likewise the defense submits that any delay resulting from the continuance granted by this Honorable Court on the basis of the findings of an ends of justice continuance outweigh the best interest of the public and the defendant in a speedy trial. A reasonable 180 period of delay under the circumstances would be excludable under the Speedy Trial Act.

13. Defendant respectfully submits that Defense counsel is not adequately prepared for trial at this juncture and the failure to grant the continuance will result in a miscarriage of justice.

14. Among the factors, applicable here, which the Court should consider in determining whether to grant a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) are:

    a. Whether the failure to grant the continuance would result in a miscarriage of justice. *See* U.S.C. § 3161(h)(7)(B)(i). The Defendant Don Iley believes that this is the case here.

    b. Whether the failure to grant a continuance in this case, would deny the defendant the reasonable time necessary for effective preparation, taking into consideration the exercise to due diligence. *See* U.S.C. § 3161(h)(7)(B)(iv). Again, Defendant Don Iley believes that is the case here. *United States v. Toombs,* 574 F.3d 1262 (10th Cir. 2009).

15. While the key criteria to determine an ends-of-justice continuance are outlined at 18 U.S.C. § 3161(h)(7)(B)(i) - (iv), the Tenth Circuit has established the following additional relevant factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [defendant] might suffer as a result of the district court's denial of the continuance. *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)). The fourth factor is "by far the most important." *Id.* at 1476.

16. It is in the interests of justice to grant this motion for an ends of justice continuance and to continue the trial and extend the period for filing pretrial non-CJA motions. No party will be prejudiced thereby.

WHEREFORE, the Defendant Don Iley respectfully moves this Court to enter an order pursuant to 18 U.S.C. § 3161 (h)(7)(A) for an ends of justice continuance adding an additional 180 days to the Speedy Trial deadline, and a continuance of the trial in this matter. Likewise, Defendant Don Iley requests the Court grant an Order providing the Defendant a 120-day extension to file non-CJA motions.

Respectfully submitted this 27th day of July, 2016.

**FOSTER GRAHAM MILSTEIN & CALISHER LLP**

By: s/Gary Lozow
 Gary Lozow
 Lindsay N. Richardson
 360 S. Garfield, 6th Floor
 Denver, CO 80209
 Telephone: (303) 333-9810
 Facsimile: (303) 333-9786
 glozow@fostergraham.com
 lrichardson@fostergraham.com

**ATTORNEYS FOR DEFENDANT DON ILEY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September, 2016, I electronically filed the foregoing **Unopposed Motion for Ends of Justice Continuance** to the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>J. Chris Larson
>Assistant United District Attorney
>j.chris.larson@usdoj.gov

>s/Donna M. Brummett