IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00284-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     DONALD ILEY,

        Defendant.
_____

**UNITED STATES' MOTION FOR A GENERAL PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT AGAINST DEFENDANT DONALD ILEY**
_____

COMES NOW the United States of America ("United States"), by and through Assistant United States Attorney Tonya S. Andrews, pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure, and incorporating the Plea Agreement entered into with defendant Donald Iley, herein moves this Court to enter a General Preliminary Order of Forfeiture for a Personal Money Judgment against defendant Donald Iley. In support, the United States sets forth the following:

**I.    Statement of Facts**

1.    On August 24, 2016 the Grand Jury charged defendant Donald Iley by Indictment with Wire Fraud in violation of 18 U.S.C. § 1343, Mail Fraud in violation of 18 U.S.C. § 1341, and Aiding in the Preparation of False Tax Returns in violation of 26 U.S.C. § 7206(2). (Doc. 1).

2.     The Indictment also contained a forfeiture allegation providing the defendant with notice that the United States, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), would seek forfeiture of a money judgment in the amount of proceeds obtained by the scheme and by the defendant. (Doc. 1, p. 9-10).

3.     On April 18, 2017, the United States and defendant Donald Iley entered into a Plea Agreement. In the plea agreement, the defendant agreed, *inter alia*, to plead guilty to Counts 12 and 28 of the Indictment, charging violations of 18 U.S.C. § 1343 and 26 U.S.C. § 7206(2), and further admitted the forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). (Doc. 21, p. 1-2).

4.     As set forth in the plea agreement, the evidence has shown that defendant Donald Iley caused monies to be withdrawn from his clients' bank accounts for the purposes of paying state and federal taxes. *Id.* at pp. 7-14. However, defendant Iley did not remit these funds to the appropriate tax authorities and instead used these funds for his own purposes. *Id.* at p.14.

5.     As stated in the Plea Agreement, the forfeiture money judgment amount shall be in the amount obtained by the scheme, less any amounts returned to victims, including through the related bankruptcy action. The parties are still working on determining this figure, which may include the presentation of evidence at sentencing.[1] Thus, the United States seeks a General Preliminary Order of Forfeiture in the amount of the proceeds obtained by the scheme and the defendant, less any funds returned to

---

[1] The restitution amount entered in this case should be the same as the amount of the forfeiture money judgment; thus, the evidence presented at sentencing will apply to both calculations.

victims. *See* Fed. R. Crim. P. 32.2(b)(2)(C).[2]

## II.  Legal Argument

6. As set forth in 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Court shall order criminal forfeiture of property constituting, or derived from, proceeds obtained directly or indirectly as a result of violations of 18 U.S.C. § 1343.

7. Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture as soon as practicable after a plea of guilty.

8. When a personal money judgment is sought, "the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). In addition, the Preliminary Order of Forfeiture must be entered sufficiently in advance of sentencing. Fed. R. Crim. P. 32.2(b)(2)(B).

9. However, if before sentencing, the total amount of the money judgment is not determined, the court may order a general order of forfeiture stating that it will be amended when the money judgment is calculated. Fed. R. Crim. P. 32.2(b)(2)(C). In this case, the amount of gain to the defendant and his business will be the same amount as restitution, which will be determined at sentencing.

10. The Plea Agreement in this case provides an ample basis for a general order of forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure Rule 32.2(b).

---

[2] The United States Attorney's Office for the District of Colorado will recommend to the Attorney General that any net proceeds derived from the sale of any judicially forfeited assets be remitted or restored to eligible victims of the offense, for which the defendant has pleaded guilty, pursuant to 18 U.S.C. § 981€ 28 C.F.R. pt. 9, and any other applicable laws.

WHEREFORE, the United States moves this Court to enter the General Preliminary Order of Forfeiture for a Personal Money Judgment against defendant Donald Iley tendered herewith, for the reasons set forth above.

DATED this 29th day of June, 2017.

Respectfully submitted,

ROBERT C. TROYER
Acting United States Attorney


By: *s/Tonya S. Andrews*
Tonya S. Andrews
Assistant United States Attorney
1801 California Street, Ste. 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0402
E-mail: tonya.andrews@usdoj.gov
*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Gary Lozow
Counsel for Donald Iley
glozow@fostergraham.com

s/ *Jody Gladura*
FSA Data Analyst
United States Attorney's Office
