IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 16-cr-00284-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DONALD ILEY

    Defendant.

---

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S
OBJECTIONS TO PRESENTENCE REPORT (Doc. No. 34)**

---

The United States of America (the government), by and through J. Chris Larson, Assistant United States Attorney, submits the following response to the Defendant's objection to the application of a two-level enhancement pursuant to §2B1.1(b)(9)(C). The Defendant argues that this enhancement does not apply because the Defendant was not subject to a prior administrative order or process that qualifies for such an enhancement. Alternatively, the Defendant argues that even if he was subject to a prior administrative order or process, the enhancement is already addressed pursuant to §3B1.3 for abuse of trust and so should not be double counted. As discussed below, this matter presents a straightforward application of §2B1.1(b)(9)(C) and the cases cited by the Defendant do not trouble this result. Further, there is no double counting with the abuse of trust enhancement under §3B1.3, because §2B1.1(b)(9)(C) serves the distinct and important purpose of addressing the Defendant's aggravated criminal intent.

**Section 2B1.1(b)(9)(C) applies to this Defendant**

Section 2B1.1(b)(9)(C) applies in those circumstances where the Defendant violates a prior administrative order or process that is not addressed elsewhere in the guidelines.  As explained in the application notes:

> Subsection (b)(9)(C) provides an enhancement if the defendant commits a fraud in contravention of a prior, official judicial or administrative warning, in the form of an order, injunction, decree or process, to take or not to take a specified action.  A defendant who does not comply with such a prior, official judicial or administrative warning demonstrates aggravated criminal intent and deserves additional punishment.

§2B1.1(b)(9)(C), application note 8(C).

Under this guidance, application of §2B1.1(b)(9)(C) in this case is clear.  Docket No. 32 ¶ 5.   In January 2010, the Defendant was subject to an Agreement and Final Agency Order.  Docket No. 33 (Attachment A).  Among other things, Defendant Iley took possession of funds for the purpose of paying payroll and quarterly tax liabilities of Client C and failed to properly and promptly remit payment to taxing authorities, including the IRS. *Id.*, at pages 10-11.  Defendant Iley's license to practice as a CPA was placed on probation, he was fined, and he was subject to practice monitoring for five years.  *Id.*  In 2013, Defendant Iley sought early removal from practice monitoring, informing the State Board of Accountancy that "I have learned a great deal from this process including … absolute candor with clients…." Plea Agreement, at 10, n. 3 (Docket No. 21)  Yet at about this same time, Defendant Iley was engaging in the criminal conduct subject to this case, which would continue until approximately November 2015.

These circumstances support an enhancement under §2B1.1(b)(9)(C).  *See,*

*generally, U.S. v. Bisong*, 645 F.3d 384, 399-400 (D.C. Cir. 2011) (finding the enhancement, previously codified at §2B1.1(b)(8)(C) applied).  In *Bisong,* the defendant violated the previous order of an Administrative Law Judge, who had found that the defendant was making misrepresentations in advertising about his alien assistance activities and was ordered to cease and desist in engaging in unlawful trade practices.  *Id.*  Bisong was later convicted of bank fraud and immigration fraud.  He objected to the enhancement, claiming he was unaware of the prior order and that it was not specific enough.  The Court found no error in the application of the guideline.  *Id.* (noting that "[a]n order is a particular order")*.*

Similarly, the Eighth Circuit approved of the application of the enhancement in *U.S. v. Jokhoo,* 806 F.3d 1137, 1141 (8th Cir. 2015).  In *Jokhoo*, the defendant was convicted for engaging in fraudulent conduct that was the same or similar to that for which he had been previously sanctioned by the State of Minnesota's Department of Commerce.  *Id.*  There was no error in applying the enhancement in that case, and there is no error in doing the same here.

### The Defendant's Cases

The Defendant cites cases that do not change this result.  The Defendant first cites *U.S. v. Garcia*, 432 Fed.Appx. 318, 329-330 (5th Cir. 2011),[1] which found that a cease and desist order did not qualify as an "act or omission" for purposes of this sentencing enhancement.  The issues that appeared to concern the Fifth Circuit in *Garcia* are not present here.  Notably, the cease and desist order in *Garcia,* was not issued to the defendant who challenged the enhancement, nor had it resulted from

---

[1] While the *Garcia* case was originally unpublished, the Fifth Circuit later adopted the court's reasoning in *United States v. Nash*, 729 F.3d 400, 404 (5th Cir. 2013).

"from a hearing, negotiations, or an interaction … that allowed [either] defendant to participate in some meaningful way that led to a definite result." *Id.* at 330.  Unlike *Garcia*, Defendant Iley, himself, was subject to the Agreement and Final Agency Order of the State Board of Accountancy in 2010.  Importantly, Defendant Iley agreed to the facts therein and signed the Agreement and Final Agency Order.  Docket No. 33 (Attachment A, at 21).  Thus, unlike the defendant(s) in Garcia, Defendant Iley had "a meaningful negotiation or interaction [that] led the agency to issue a directive that the defendant subsequently violated."  *Garcia,* at 329 (citing *United States v. Goldberg,* 538 F.3d 280, 291 (3rd Cir. 2008).  Moreover, the Agreement and Final Agency Order provided Defendant Iley with a definite result -- a fine, probation and practice monitoring.

The Defendant further cites the Third Circuit's decision in *Goldberg* for the proposition that for the Agreement and Final Agency Order to qualify for the enhancement it must have ordered Iley to "stop" engaging in prohibited activity.  While the word "stop" does not appear in the text of the Agreement and Final Agency Order, the test is not so literal.  Rather, *Goldberg* states that the enhancement "requires some specific directive that the defendant can defy." *Id. at 292.*   That happened here.  The Defendant's CPA license was placed on probation, he was fined, and he was made subject to practice monitoring because he was not complying with the law.  Docket No. 33 (Attachment A).  This is more than sufficient to deliver the message that he needed to stop engaging in prohibited activity.  See, generally, *U.S. v. Nash,* 729 F.3d 400, 405-06 (5th Cir. 2013) (the majority finding that an imposition of a fine informed the defendant to stop prohibited conduct).

That Defendant Iley was supposed to stop his previous conduct is clear from the context.  Moreover, as recounted in the plea agreement, in 2013, the Defendant informed the State Board of Accountancy that he had "learned a great deal from this process" and claimed he was "focusing closely on accuracy, diligence, [and] absolute candor with clients…"  Docket No. 21, at 10, n. 3.  Thus, the Defendant had been informed by the Agreement and Final Agency Order in 2010 that he was supposed to "stop" his previous practice, and he was asserting in 2013, that he had learned from that process.  But instead of reforming his ways, he was defrauding more than 140 clients.  On this record, the Defendant has exhibited the type of aggravated criminal intent that subjects him to a two-level enhancement under §2B1.1(b)(9)(C).

### *There is No Double Counting*

The Defendant contends that since the abuse of trust enhancement applies under §3B1.3, no enhancement under §2B1.1(b)(9)(C) could apply because doing so would be double counting under the guidelines.  This is not an instance of double counting.

With §2B1.1(b)(9)(C), the application notes tell us that double counting can occur where there is a violation of a condition of release addressed in §3C1.3 (Commission of Offense While on Release) or a violation of probation addressed in §4A1.1 (Criminal History Category).  See §2B1.1(b)(9)(C), application note 8(C).  In those instances, double counting with §2B1.1(b)(9)(C) happens because the enhancements overlap, are indistinct or serve identical purposes.  *See, generally*, *U.S. v. Reyes Pena*, 216 F.3d 1204, 1209 (10th Cir. 2000) ("Double counting 'occurs when the same conduct on the part of the defendant is used to support separate increases under separate

enhancement provisions which necessarily overlap, are indistinct, and serve identical purposes.'"); *see also U.S. v. Joe*, 696 F.3d 1066 at 1070 (10th Cir. 2012) (where a guideline speaks to double counting, that instruction controls).

In this case, however, both §2B1.1(b)(9)(C) and §3B1.3 serve different purposes. The Defendant was in a position of trust as a CPA. By virtue of his position as a CPA, the Defendant's clients entrusted him to calculate the payroll taxes owed, to withdraw monies from their bank accounts, and then pay these amounts forward to the IRS. The Defendant violated the trust placed in him by virtue of his role as CPA. For this, the parties agree a two-level enhancement is appropriate under §3B1.3

Unaddressed by §3B1.3, however, is the fact that this Defendant had already been sanctioned for similar misconduct. Thus, at the time of this offense, he not only was abusing the trust placed in him (as addressed by §3B1.3), but was he also acting with an aggravated criminal intent triggered by the earlier Agreement and Final Agency Order in 2010 (to be addressed by §2B1.1(b)(9)(C)). Section 2B1.1(b)(9)(C) does not turn on the mere fact that Defendant Iley committed this offense as a CPA. It applies because Defendant Iley committed this fraud with an aggravated criminal intent formed (1) after his license had been placed on probation, (2) after he had been subject to practice monitoring, and (3) after he had been fined. Docket No. 33 (Attachment A); Docket No. 21, at 10, n. 3.

For these reasons, an enhancement under §2B1.1(b)(9)(C) is not double counting, but instead reflects the aggravated criminal intent that the Defendant possessed because of the Agreement and Final Agency Order from 2010.

**Conclusion**

The Government recommends that the Court apply a two-level enhancement to the offense level under §2B1.1(b)(9)(C).

Dated this 9th day of July, 2017.

>ROBERT C. TROYER
>Acting United States Attorney
>
>By:*J. Chris Larson*
>J. CHRIS LARSON
>Assistant U.S. Attorney
>United States Attorney's Office
>1801 California Street, Suite 1600
>Denver, Colorado 80202
>(303) 454-0100
>(303) 454-0411 (fax)
>J.Chris.Larson@usdoj.gov
>
>Attorney for the Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

By:   *J. Chris Larson*
J. CHRIS LARSON
Assistant U.S. Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
(303) 454-0100
(303) 454-0411 (fax)
J.Chris.Larson@usdoj.gov

Attorney for the Government