IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 16-cr-00284-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DONALD ILEY

    Defendant.

---

**RESPONSE TO REVISED PRESENTENCE REPORT'S
ESTIMATE OF RESTITUTION  (Doc. No. 37)**

---

    The United States of America (the government), by and through J. Chris Larson, Assistant United States Attorney, submits the following statement concerning the revised estimate of restitution in the Revised Presentence Report.  *See* Docket No. 37, at ¶ 42.  The estimate of restitution is guided by the following considerations:

1. Restitution in this case is directed to each business victim in this matter.

2. The interests of each small business victim takes priority over that of the United States.  Specifically, "[i]n any case in which the United States is a victim, the court shall ensure that all other victims receive full restitution before the United States receives any restitution."  18 U.S.C. § 3664(i)

3. Calculating actual loss in this case is complicated by the number of victims, the length of time of the scheme, and the disproportionate impact among otherwise similarly situated businesses.  In such a complicated case, a court could avoid ordering restitution should it prove too difficult.  To avoid that

result, the government has engaged in a substantial effort to establish restitution based on a reasonable estimate rooted in a calculation of actual loss. *U.S. v. Gallant*, 537 F.3d 1202, 1252 (10th Cir. 2008).

4. Actual loss resulting from the scheme accumulated in varying amounts over a long period of time. For each victim, on a regular basis (e.g., weekly, bi-weekly, etc), varying amounts were withdrawn from bank accounts to pay federal payroll taxes. The amount withdrawn changed depending upon the number of employee hours worked and the hourly wage. The amount withdrawn for federal payroll taxes was not paid to the IRS. To establish this amount, the government relied upon available records obtained from victims, from the premises of Iley and Associates, from the bank records of the Defendant, and from other witnesses. The government focused on IRS Forms 941 that were delivered to (or intended to be) delivered to victims, ACH Deduction Reports generated by Iley and Associates, summary payroll journal reports generated by Iley and Associates, and, in certain instances, bank statements.

5. Additionally, the government reviewed Victim Impact Statements. Where victims sought amounts different than that originally estimated, records were re-checked and/or contact was made with the victim or its representative to ascertain the source of differences. Adjustments were made in favor of victims in every instance where evidence was identified or supplied that identified amounts taken for federal payroll taxes not paid to the IRS. Where victims acknowledged that they had been paid back directly, or where federal

payroll taxes were paid belatedly by the Defendant (sometimes after confrontation), those amounts reduced actual loss.

6. Other claims, including claims for consequential damages (typically considered in civil lawsuits) are not encompassed as part of restitution in this criminal case.

7. The government has had multiple discussions with the Defendant's counsel about the details concerning the present estimate of restitution that appears in the Revised Presentence Report, Docket No. 37, ¶ 42. *See also* Docket No. 34, at 2. That estimate includes two businesses that filed victim impact statements, but were not originally included on Attachment A to the plea agreement. The government provided the Defendant and his counsel with the details of this estimate, responded to all articulated concerns, and on Friday was informed in a voicemail that the Defendant is okay with the numbers as reflected in the present estimate of restitution. Accordingly, the government understands that the Defendant accepts the present estimate of restitution.

## **Conclusion**

Restitution is based on a reasonable estimate rooted in a calculation of actual loss. (Docket No. 37, ¶ 42). Assuming no additional information concerning actual loss is presented prior to sentencing, the government asks that the amounts reflected in Docket No. 37, ¶ 42 be ordered as restitution to victims in this matter.[1]

---

[1] Just prior to filing this response, a new victim impact statement was filed with the Court. The government will review this statement and any additional supporting documentation prior to the sentencing on Thursday.

Dated this 11th day of July, 2017.

        ROBERT C. TROYER
        Acting United States Attorney

        By:*J. Chris Larson*
        J. CHRIS LARSON
        Assistant U.S. Attorney
        United States Attorney's Office
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        (303) 454-0100
        (303) 454-0411 (fax)
        J.Chris.Larson@usdoj.gov

        Attorney for the Government

## CERTIFICATE OF SERVICE

  I hereby certify that on this 11th day of July 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

          By: *J. Chris Larson*
             J. CHRIS LARSON
             Assistant U.S. Attorney
             United States Attorney's Office
             1801 California Street, Suite 1600
             Denver, Colorado 80202
             (303) 454-0100
             (303) 454-0411 (fax)
             J.Chris.Larson@usdoj.gov

             Attorney for the Government