IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  16-cr-00284-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DONALD ILEY,

        Defendant.
_____

**UNITED STATES' MOTION TO AMEND PRELIMINARY ORDER OF FORFEITURE**
_____

        COMES NOW the United States of America, by and through Acting United States Attorney Robert C. Troyer and Assistant United States Attorney Tonya S. Andrews, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 28 U.S.C. § 2461, and Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, and moves this Court to enter an Amended Preliminary Order of Forfeiture for a Personal Money Judgment against defendant Donald Iley in accordance with sentencing.

        In support, the United States sets forth the following:

**I.**        **Procedural Background**

        1.    On August 24, 2016 the Grand Jury charged defendant Donald Iley by Indictment with Wire Fraud in violation of 18 U.S.C. § 1343, Mail Fraud in violation of 18 U.S.C. § 1341, and Aiding in the Preparation of False Tax Returns in violation of 26 U.S.C. § 7206(2).  (Doc. 1).

1

2.　　The Indictment also contained a forfeiture allegation providing the defendant with notice that the United States, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), would seek forfeiture of a money judgment in the amount of proceeds obtained by the scheme and by the defendant. (Doc. 1 at 9).

3.　　On April 18, 2017, the United States and defendant Donald Iley entered into a Plea Agreement.  In the plea agreement, the defendant agreed, *inter alia*, to plead guilty to Counts 12 and 28 of the Indictment, charging violations of 18 U.S.C. § 1343 and 26 U.S.C. § 7206(2), and further admitted the forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  (Doc. 21, p. 1-2).

4.　　On June 29, 2017, the United States filed a motion for a General Preliminary Order of Forfeiture in the amount of the proceeds obtained by the scheme and the defendant, less any funds returned to victims.  See Fed. R. Crim. P. 32.2(b)(2)(C).[1]

5.　　The Court entered a General Preliminary Order of Forfeiture against the defendant on July 10, 2017 pursuant to Fed. R. Crim. P. 32.2(b)(2)(C).  The Order specified that the amount would be amended once the Court determined the appropriate amount at sentencing. (Doc. 40).

6.　　On July 13, 2017, the Court held the initial sentencing hearing for defendant Iley where the defendant agreed to restitution in the amount of $9,718,327.68.  The

---

[1] The United States Attorney's Office for the District of Colorado will recommend to the Attorney General that any net proceeds derived from the sale of any judicially forfeited assets be remitted or restored to eligible victims of the offense, for which the defendant has pleaded guilty, pursuant to 18 U.S.C. § 981(e), 28 C.F.R. pt. 9, and any other applicable laws.

Government sought leave to amend the Preliminary Order of Forfeiture to include this amount as the proceeds from the offense as set forth in the Plea Agreement.

7.      Based on sentencing and the Plea Agreement, defendant Iley obtained $9,718,327.68 as a result of the scheme charged in Count 12, 18 U.S.C. § 1343 (wire fraud), and those funds are now subject to forfeiture.

## II.    Argument

8.      Pursuant to 18 U.S.C. § 981(a)(1)(C)[2] and 28 U.S.C. § 2461(c), the Court shall order criminal forfeiture of all property constituting or derived from proceeds traceable to 18 U.S.C. § 1343.

9.      If the total amount of the money judgment is not determined before sentencing, the court may order a general preliminary order of forfeiture stating that it will be amended when the money judgment is calculated. Fed. R. Crim. P. 32.2(b)(2)(C).  Pursuant to Fed. R. Crim. P. 32.2(e)(1), the Court may at any time amend an existing order of forfeiture.

10.     Therefore, based on sentencing and the defendant's plea agreement, the general preliminary order of forfeiture should be amended to include a finding that the defendant obtained proceeds in the amount of $9,718,327.68.

WHEREFORE, the United States moves this Court to Amend the Preliminary Order of Forfeiture and Judgment, authorizing the United States to forfeit up to

---

[2] Title 18, United States Code, section 981(a)(1)(C) provides for the forfeiture of any property constituting or derived from proceeds traceable to a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7).  In turn, 18 U.S.C. § 1956(c)(7) includes any offense listed in 18 U.S.C. § 1961(1) as a "specified unlawful activity."  Wire fraud is listed in 18 U.S.C. § 1961.

$9,718,327.68 in direct or substitute assets from the Defendant and to retain jurisdiction over this matter for the purpose of amending the Order of Forfeiture to include any subsequently located substitute assets, tendered herewith, for the reasons set forth above.

DATED this 25th day of July 2017.

Respectfully submitted,

ROBERT C. TROYER
Acting United States Attorney

By:   s/ *Tonya S. Andrews*
Tonya S. Andrews
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: tonya.andrews@usdoj.gov
*Attorney for the United States*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 25th day of July 2017, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record.

Gary Lozow
Counsel for Donald Iley
glozow@fostergraham.com

                                        s/ *Jody Gladura*
                                        FSA Data Analyst
                                        Office of the U.S. Attorney