**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Action No. 16-cr-00284-CMA

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**DONALD ILEY,**

**Defendant.**

_____

**REPORTER'S TRANSCRIPT**
**(Change of Plea Hearing)**

_____

Proceedings before the HONORABLE CHRISTINE M. ARGUELLO, Judge, United States District Court, for the District of Colorado, commencing at 3:00 p.m. on the 18th day of April, 2017, Alfred A. Arraj United States Courthouse, Denver, Colorado.

**A P P E A R A N C E S**

**FOR THE PLAINTIFF:**
J. CHRIS LARSON, U.S. Attorney's Office - Denver, 1801 California St., Suite 1600, Denver, CO 80202

**FOR THE DEFENDANT:**
GARY LOZOW, Foster Graham Milstein & Calisher, LLP, 360 South Garfield Street, 6th Floor, Denver, Colorado 80209

```
 1                        APRIL 18, 2017

 2           (Proceedings commence at 3:00 p.m.)

 3           THE COURT:  You may be seated.

 4           Court calls Criminal Case No. 16-cr-00294-CMA,

 5  entitled United States of America v. Donald Iley.

 6           Counsel, would you enter your appearances, please.

 7           MR. LARSON:  Good afternoon, Your Honor, Chris

 8  Larson for the United States.

 9           THE COURT:  Good afternoon.

10           MR. LARSON:  With me at counsel table is Special

11  Agent George Warnock from the IRS.

12           THE COURT:  Good afternoon.

13           MR. LOZOW:  Gary Lozow, Your Honor, on behalf of

14  Mr. Iley, who is present as the defendant in the case.  We

15  are ready to proceed.

16           THE COURT:  Good afternoon.

17           THE DEFENDANT:  Good afternoon.

18           THE COURT:  All right.  So, Mr. Lozow, would you

19  and Mr. Iley please approach the podium.

20           Ms. West, would you please administer the oath to

21  Mr. Iley.

22           COURTROOM DEPUTY:  Raise your right hand, please.

23                        DONALD ILEY

24  having been first duly sworn, answers questions of the

25  Court as follows:
```

```
 1          THE DEFENDANT:  Yes, I do.

 2          THE COURT:  The record reflects that the defendant

 3    was charged by Indictment dated August 24, 2016, and

 4    arraigned on September 14, 2016, at which time he entered

 5    a plea of not guilty to 32 counts relating to wire fraud,

 6    mail fraud, and aiding in the preparation of false tax

 7    returns.

 8          On March 20, 2017, the defendant filed with this

 9    Court a notice of disposition and requested that this

10    matter be set for change of hearing.

11          Mr. Lozow, it is my understanding that pursuant to

12    a plea agreement, the defendant wishes to enter a plea of

13    guilty to Counts 12 and 28 of the Indictment.  12 charges

14    violation of 18 United States Code Section 1343; wire

15    fraud.  And 28 charges violation of 26 United States Code

16    Section 7206(2); aiding in the preparation of false tax

17    returns.  Is that correct?

18          MR. LOZOW:  It is correct, Your Honor.

19          THE COURT:  All right.  The matter is therefore

20    before this Court for a change of the defendant's plea,

21    for consideration of an advisements with respect to his

22    proposed plea agreement, and for re-arraignment under

23    Federal Rule of Criminal Procedure 10.

24          For the record, the Court notes it does have before

25    it Court Exhibit No. 1, which is the proposed plea
```

1    agreement, and Court Exhibit No. 2, which is the statement

2    by of facts relevant to sentencing.  Both have been signed

3    by the defendant and his attorney.

4            Now, Mr. Iley, do you understand you just took an

5    oath to tell me the truth, and if you answer any of my

6    questions falsely here today, that could be the basis for

7    a separate prosecution against for you perjury or making a

8    false statement?

9            THE DEFENDANT:  Yes, Your Honor.

10           THE COURT:  Do you also understand that you have

11   the right to remain silent, and do you not have to answer

12   any of my questions here today?

13           THE DEFENDANT:  Yes, Your Honor.

14           THE COURT:  However, before I can accept your pleas

15   of guilty, I have to be sure that you understand the

16   charges that are brought against you, that you understand

17   your choices and the consequences to you of those choices.

18   I also need to be sure that your decision to plead guilty

19   is voluntary and that you have not been pressured into

20   that decision, and that there is a factual basis for your

21   pleas of guilty.

22           Therefore, before I can accept your pleas, I am

23   going to have to ask you some questions about your plea

24   agreement and the two crimes that you are pleading guilty

25   to, and I will need you to answer those questions.

1          So, for purposes of this hearing, do you give up

2     your right to remain silent to answer the questions I need

3     to ask you?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  All right.  Mr. Lozow, do you concur in

6     the defendant's waiver of his right to remain silent for

7     purposes of this hearing?

8          MR. LOZOW:  I do, Your Honor.

9          THE COURT:  All right.  As we proceed, I want to

10    make sure that you understand that although you have

11    already signed this plea agreement, you are not yet bound

12    by your pleas of guilty, and you will not be bound until I

13    accept your pleas of guilty.  So you can change your mind

14    at any point during this hearing up until the time I

15    accept your pleas of guilty.

16         If any time I ask you something or tell you

17    something and you do not understand what I am asking or

18    telling you, I need you to let me know that you do not

19    understand so I can clarify for you.  Okay?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  If at any time you want to stop and

22    speak privately with Mr. Lozow, that is perfectly fine,

23    just let me know and I will allow you to do that.  Okay?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  What is your true and correct full

1    name?

2            THE DEFENDANT:  Don Richard Iley.

3            THE COURT:  How old are you?

4            THE DEFENDANT:  52.

5            THE COURT:  What level of school did you complete?

6            THE DEFENDANT:  BBA.

7            THE COURT:  All right.  So do you have any trouble

8    reading or writing in English?

9            THE DEFENDANT:  No, Your Honor.

10            THE COURT:  Are you now under the influence of any

11    drug, narcotic, marijuana, or alcohol?

12            THE DEFENDANT:  No, Your Honor.

13            THE COURT:  Are you under the influence of any type

14    of medicine?

15            THE DEFENDANT:  No, Your Honor.

16            THE COURT:  Have you taken any drugs, alcohol, or

17    medicine in the last 3 days?

18            THE DEFENDANT:  No, Your Honor.

19            THE COURT:  Have you been treated recently for any

20    mental illness or addiction to drugs of any kind?

21            THE DEFENDANT:  No, Your Honor.

22            THE COURT:  As far as you know, do you suffer from

23    any diagnosed form of mental illness or emotional

24    disability?

25            THE DEFENDANT:  No, Your Honor.

1          THE COURT:  Is there anything at all about how you

2     feel right now, either physically or emotionally, that

3     prevents you from understanding what is happening in this

4     hearing?

5          THE WITNESS:  No, Your Honor.

6          THE COURT:  Mr. Lozow, have you spoken to Mr. Iley

7     about these proceedings?

8          MR. LOZOW:  I have at some length, Your Honor.

9          THE COURT:  Do you have any reason to believe that

10    he should not go forward with this plea of guilty today?

11         MR. LOZOW:  No, I don't.

12         THE COURT:  Do you believe that he is in possession

13    of has faculties and competent to proceed?

14         MR. LOZOW:  I do.

15         THE COURT:  Based on the statements of the

16    defendant and his attorney and my observations, I find the

17    defendant is in full possession of his faculties and is

18    competent to proceed.

19         So, Mr. Iley, have you discussed the charges in the

20    Indictment with your attorney?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  And has he answered all of your

23    questions about those charges to your satisfaction?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  Do you understand the charges that are

1    brought against you?

2            THE DEFENDANT:  Yes, Your Honor.

3            THE COURT:  All right.  Mr. Lozow, for purposes of

4    the plea agreement, could you outline for the Court your

5    understanding of what your client is pleading guilty to

6    and what the Government is giving him in return.

7            MR. LOZOW:  Your Honor, basically, Mr. Iley is

8    admitting in the two counts that he, as a CPA, ended up

9    using the interstate communications to take money from

10   various of his clients, and used and facilitated the IRS

11   system of tax returns to accomplish that purpose.  That is

12   generally what the wrongdoing consisted of.

13           THE COURT:  That was both wire fraud and aiding in

14   the preparation of false tax returns?

15           MR. LOZOW:  Yes, Your Honor.

16           THE COURT:  All right.  What else has he agreed to?

17   In terms of the intended loss amount, he has agreed to a

18   certain range?

19           MR. LOZOW:  The intended loss here is set at at

20   least $11 million.

21           THE COURT:  All right.  And involved 140

22   businesses?

23           MR. LOZOW:  That's correct.

24           THE COURT:  And he also admits the forfeiture

25   allegations?

1          MR. LOZOW:  I am sorry?

2          THE COURT:  He admits the forfeiture allegations?

3          MR. LOZOW:  He does, Your Honor.

4          THE COURT:  He agrees not to contest any action to

5    permanently enjoin him from making tax returns?

6          MR. LOZOW:  That is correct.

7          THE COURT:  He also waives, under the circumstances

8    outlined in his plea agreement, his appellate rights and

9    his 2255 rights?

10         MR. LOZOW:  That is correct, Your Honor.

11         THE COURT:  In return, the Government is giving him

12   full credit for acceptance of responsibility and will

13   recommend a sentence at the low end of the advisory

14   guideline range; correct?

15         MR. LOZOW:  That's correct, Your Honor.

16         THE COURT:  All right.  Mr. Larson, do you agree

17   with that description of the plea agreement?

18         MR. LARSON:  I do, Your Honor, provided that there

19   is a guilty plea on Counts 12 and 28, the Government will

20   dismiss the remaining counts.

21         THE COURT:  I missed that one.  All right.

22         So, Mr. Iley, do you agree with that description of

23   your plea agreement?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  And have you had enough time to review

1    and discuss your plea agreement with Mr. Lozow?

2          MR. LOZOW:  Yes, Your Honor.

3          THE COURT:  Did he answer all of your questions

4    about your plea agreement to your satisfaction?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  All right.  Counsel, for purposes of

7    the factual basis, may the Court rely on the factual basis

8    as stated in Exhibit 1, on pages 7 through 14?  May we

9    rely on that as a factual basis?

10         MR. LOZOW:  Your may, Your Honor.  I have reviewed

11   that, as well as Mr. Iley.

12         THE COURT:  Mr. Iley, on pages 7 through 14 of

13   Exhibit 1 are the statement of facts that the Government

14   believes it could prove if this matter went to trial.  By

15   entering into this plea, you are admitting all of these

16   facts, and I will treat them as true, both for purposes of

17   considering your pleas of guilty, and for purposes of

18   determining what sentence I should impose.

19         Now, have you had enough time to review this

20   statement of facts?

21         MR. LOZOW:  Yes, Your Honor.

22         THE COURT:  Would you like to take any additional

23   time right now to further review that statement of facts?

24         MR. LOZOW:  No, Your Honor.

25         THE COURT:  Do you agree that the facts that are

1    stated on pages 7 through 14 of Exhibit 1 are true?

2         THE DEFENDANT:  Yes, Your Honor.

3         THE COURT:  Is there any inaccuracy in those facts

4    that you would like to correct at this time?

5         THE DEFENDANT:  No, Your Honor.

6         THE COURT:  Are you pleading guilty because you did

7    the things charged in the Indictment?

8         THE DEFENDANT:  I am sorry, could you repeat?

9         THE COURT:  Are you pleading guilty because you did

10   the things charged in the Indictment?

11        THE DEFENDANT:  Yes, Your Honor.

12        THE COURT:  Are you pleading guilty because you are

13   guilty?

14        THE DEFENDANT:  Yes, Your Honor.

15        THE COURT:  All right.  I need you to tell me, in

16   your own words, what it is you did that you are pleading

17   guilty to.

18        THE DEFENDANT:  Basically, I am pleading guilty to

19   betraying the confidence of my clients in diverting money

20   that should have gone to the Government, to the business,

21   and personal expenses.

22        THE COURT:  Income tax returns?

23        MR. LOZOW:  Payroll taxes.

24        THE COURT:  Payroll taxes.

25        All right.  Mr. Larson, is the Government satisfied

1  with the factual basis, as supplemented by the plea

2  agreement?

3         MR. LARSON:  As supplemented by the plea agreement,

4  which includes the stipulation of facts, as the Court

5  referenced in attachment A to the plea agreement, Your

6  Honor.

7         THE COURT:  All right.  Very well.

8         Mr. Iley, would you now turn to the signature pages

9  of both Exhibits 1 and 2, and tell me if that is your

10  signature on both of those documents.

11        THE DEFENDANT:  I have page 19.

12        THE COURT:  Yes, page 19, is that your signature on

13  Exhibit 1?

14        THE DEFENDANT:  Yes, Your Honor.

15        THE COURT:  Then on Exhibit 2, page 9, is that your

16  signature?

17        THE DEFENDANT:  Yes, Your Honor.

18        THE COURT:  Was Mr. Lozow present with you when you

19  signed Exhibits 1 and 2?

20        THE DEFENDANT:  Yes, Your Honor.

21        THE COURT:  Did he answer all of your questions

22  about your plea agreement to your satisfaction before you

23  signed Exhibits 1 and 2?

24        THE DEFENDANT:  Yes, Your Honor.

25        THE COURT:  All right.  Mr. Lozow, do Exhibits 1

1    and 2 bear your signature?

2         MR. LOZOW:  They do, Your Honor.

3         THE COURT:  Did you review Exhibits 1 and 2 with

4    your client?

5         MR. LOZOW:  I did.

6         THE COURT:  Did you answer all of his questions?

7         MR. LOZOW:  As best I could.  He had more than a

8    few, and I think he understands what he signed.

9         THE COURT:  So you do believe he understand the

10   contents?

11        MR. LOZOW:  I do.

12        THE COURT:  Mr. Larson, does Exhibit 1 bear your

13   signature?

14        MR. LARSON:  It does, Your Honor.

15        THE COURT:  All right.  At this time, Mr. Iley, I

16   need to make sure you understand your legal rights, so I

17   am going to go through those with you.  You have the

18   following constitutional rights that you will be giving up

19   if you plead guilty.

20        You have the right to plead not guilty to any

21   offenses charged against you.  Because you have already

22   entered a plea of not guilty to the charges in the

23   Indictment, you have the right to maintain that plea of

24   not guilty.

25        You have the right to a speedy and public trial.

1    You have the right to a trial by a jury of 12 persons

2    whose verdict must be unanimous.

3          At trial, you would be presumed innocent, and the

4    Government would have to prove each element of each

5    offense against you beyond a reasonable doubt.

6          If both you and the Government give up your right

7    to a jury trial, you have the right to be tried by the

8    Court; that means by me as the Judge.

9          You have the right to have competent and effective

10   assistance of a lawyer to represent you throughout these

11   criminal proceedings even if you do not enter a plea of

12   guilty.  And if you cannot afford to pay for a lawyer, one

13   would be appointed to represent you free of charge, and

14   that lawyer would assist you at trial and at every other

15   stage of these criminal proceedings.

16         At trial, you would have the right, with the

17   assistance of your lawyer, to confront and cross-examine

18   all witnesses, and to challenge all evidence presented

19   against you.

20         At trial, you would also have the right to have

21   witnesses subpoenaed and made to come into court to

22   testify on your behalf.  And if you could not afford to

23   pay for those subpoenas, I would order that they be issued

24   and served without any charge to you.

25         At trial, you would have the right to testify

1    yourself on your own behalf, but you also have the

2    privilege against self incrimination; that means that you

3    have the right not to testify or make any statement that

4    would incriminate you in any way.

5        If you went to trial and you decided not to

6    testify, I would, at your request, tell the jury that it

7    could not use your decision not to testify against you in

8    any way.  Now, by pleading guilty you are giving up that

9    right and you are incriminating yourself.

10       If you went to trial and you were convicted, you

11   would have the right to appeal your conviction.  And even

12   though you are pleading guilty, you would also have the

13   right to appeal the sentence that I impose.

14       Now, have you discussed all of these rights with

15   Mr. Lozow?

16       THE DEFENDANT:  Yes, Your Honor.

17       THE COURT:  Do you understand all of these rights?

18       THE DEFENDANT:  Yes, Your Honor.

19       THE COURT:  Do you understand that by entering into

20   this plea agreement, you are giving up your right to

21   appeal or collaterally challenge the conviction,

22   prosecution, and sentence under the circumstances that are

23   outlined in your plea agreement?

24       THE DEFENDANT:  Yes, Your Honor.

25       THE COURT:  And do you understand that if I accept

1    your pleas of guilty, you will be incriminating yourself,

2    and you will have given up, now and forever, your right to

3    a jury trial and most of the rights I have just described

4    to you?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  Do you need any more time to speak to

7    Mr. Lozow about these rights or your waiver of these

8    rights?

9          THE DEFENDANT:  No, Your Honor.

10         THE COURT:  Do you give up these rights?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Mr. Lozow, are you satisfied that each

13   of these waivers by your client is knowingly, voluntarily,

14   and intelligently made?

15         MR. LOZOW:  I am, Your Honor.

16         THE COURT:  Do you concur in each of the waivers?

17         MR. LOZOW:  I do.

18         THE COURT:  All right.  Now let's talk about the

19   charges.

20         Mr. Larson, would you please inform Mr. Iley of the

21   charges to which he will be pleading guilty, and state the

22   elements of each charge.

23         MR. LARSON:  Your Honor, there are two charges to

24   which Mr. Iley will be pleading guilty.  The first charge

25   is wire fraud; 18 U.S.C. Section 1343.  The essential

1    elements of that crime are as follows:

2          First, the defendant devised or intended to devise

3    a scheme to defraud or obtain money or property by means

4    of false or fraudulent pretenses, representations, or

5    promises.

6          Second, the defendant acted with specific intent to

7    defraud or obtain money or property by means of false or

8    fraudulent pretenses, representations, or promises.

9          Third, the defendant used interstate wire

10   communications facilities or caused another person to use

11   interstate communications facilities for the purposes of

12   carrying out the scheme.

13         And, fourth, the scheme employed false or

14   fraudulent pretenses, representations, or promises that

15   were material.

16         The second crime to which Mr. Iley will be pleading

17   guilty is a violation of 26 U.S.C. Section 7206(2); aiding

18   or assisting in the preparation of a false income return.

19   The essential elements of that crime are as follows:

20         First, the defendant aided or assisted in the

21   preparation or presentation of an income tax return.

22         Second, the income tax return contained a false

23   statement.

24         Third, the defendant knew the statement in the

25   income tax return was false.

1          Fourth, the defendant acted willfully; that is,

2    with the voluntary intent to violate a known legal duty.

3          And, fifth, the false statement was material, in

4    that it concerned a matter necessary to the correct

5    computation of taxes owed and the statement was capable of

6    influencing the decision of the Internal Revenue Service.

7          THE COURT:  So, Mr. Iley, do you understand that if

8    this matter went to trial, Mr. Larson would have to prove

9    each of those elements against you beyond a reasonable

10   doubt?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Mr. Larson, could you also state

13   maximum and mandatory penalties for the charges, including

14   special assessments and supervised release and

15   restitution.

16         MR. LARSON:  Certainly, Your Honor.  The maximum

17   statutory penalty for a violation of 18 United States Code

18   Section 1343 is not more than 20 years of imprisonment;

19   not more than a $250,000 fine, or twice the amount of gain

20   or loss, whichever is greater; not more than 3 years

21   supervised release; and $100 special assessment fee, and

22   restitution.

23         The maximum statutory penalty for a violation of 26

24   United States Code Section 7206(2) is not more than 3

25   years imprisonment; not more than a $250,000 fine, or

1    twice the amount of gain on or loss, whichever is greater;

2    not more than 3 years supervised release; a $100 special

3    assessment fee, and restitution.

4         THE COURT:  All right.  So, Mr. Iley, do you

5    understand the consequences to you of entering these pleas

6    of guilty, including the maximum sentence I could impose?

7         THE DEFENDANT:  Yes, Your Honor.

8         THE COURT:  Mr. Larson, do you have anything

9    further?

10        MR. LARSON:  I have one item further I have spoken

11   with Mr. Lozow about, about the statement by defendant in

12   advance of guilty plea concerning restitution that could

13   be due and owing in this matter.

14        THE COURT:  All right.

15        MR. LARSON:  And it appears on page 2.  And there

16   is a representation regarding restitution in the

17   representation notes, that the restitution of the victims

18   of my crimes is not more than $11 million pursuant to --

19   then various citations.  There is a footnote there that

20   says this amount is a complex determination and is subject

21   to change.

22        I think a proper notification here is that

23   restitution to the victims is subject to change and could

24   go up or it could go down from the $11 million that is

25   referenced in the statement in advance by the defendant.

1          THE COURT:  All right.  Thank you.

2          So, Mr. Lozow, have you reviewed with and explained

3     to Mr. Iley the sentencing computation provisions that are

4     contained in this plea agreement?

5          MR. LOZOW:  I have, Your Honor.

6          THE COURT:  Have you told him anything different

7     than what is set forth in that section of the plea

8     agreement?

9          MR. LOZOW:  I have not.

10          THE COURT:  And what do you believe is the advisory

11    guideline range that will apply?

12          MR. LOZOW:  Let me take a look here, but I think

13    the low end of the guideline range is 97 months, and the

14    high end is 121.  Possibility, the top of that particular

15    category VI, is 210 months.

16          THE COURT:  So, Mr. Iley, you need to understand

17    that that is based on an offense level 30 and a Criminal

18    History Category I.  Now, it is possible that the

19    presentence investigation report could contain additional

20    information that would change that calculation.

21          In addition, you need to understand that I am

22    obligated by law to impose a sentence that is sufficient,

23    but not greater than necessary, to promote respect for the

24    law; to provide a just punishment; to adequately deter

25    criminal conduct; to protect the public from further

1    crimes; and to provide you with any needed educational or

2    vocational training, medical care, or other correctional

3    treatment in the most effective manner.

4          To fashion a sentence that meets all of those

5    objectives, I will be considering the nature and

6    circumstances of this offenses, your history and

7    characteristics, the types of sentences that are available

8    to me, what the guidelines would recommend to me, and the

9    need to avoid unwarranted sentencing disparities.

10         Now, do you understand these factors and elements

11   that I will be considering?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Has Mr. Lozow explained to you that the

14   Federal Sentencing Guidelines are merely advisory to me?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  Do you understand that that means that

17   the sentence I impose is entirely 100 percent up to me as

18   the Judge?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  That means I don't have to accept any

21   sentence that is recommended by the guidelines or that is

22   argued for by your attorney.  Do you understand that?

23         THE DEFENDANT:  Yes, Your Honor.

24         THE COURT:  That also means I can impose a sentence

25   that is more severe, or I can impose one that is less

1    severe than that recommended by the guidelines, as long as

2    I provide justification for doing so.  Do you understand

3    that?

4             THE DEFENDANT:  Yes, Your Honor.

5             THE COURT:  Do you understand that even if you are

6    disappointed with the sentence that I impose, that will

7    not be a basis for you to withdraw your pleas of guilty?

8             THE DEFENDANT:  Yes, Your Honor.

9             THE COURT:  Do you know what supervised release is?

10            THE DEFENDANT:  Yes, Your Honor.

11            THE COURT:  All right.  So you understand that if

12   you are sent to prison, when you are released from prison,

13   there will be certain conditions attached to your release.

14   Some of the standards conditions are that you cannot

15   commit any new crimes, you cannot use or possess any

16   illegal substances, you cannot possess any firearms.

17            And if you violate any of the conditions of

18   supervised release that I impose, that could be the basis

19   for me to revoke your supervised release, and I could send

20   you back to prison on a revocation.  Do you understand

21   that?

22            THE DEFENDANT:  Yes, Your Honor.

23            THE COURT:  Do you understand that if you are

24   presently on -- I don't think this applies because you are

25   reported to be a Criminal History Category I.  But if you

1    are presently on parole, probation, or supervised release

2    in a separate criminal matter, this plea of guilty alone

3    could be the basis to revoke that parole, probation, or

4    supervised release, and you could be returned to prison on

5    the other case, as well.  Do you understand that?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Do you understand that you are pleading

8    guilty to two felony offenses?

9          THE DEFENDANT:  Yes, Your Honor.

10         THE COURT:  Do you understand that conviction of a

11    felony offense could deprive you of valuable civil rights,

12    such as the right to vote, the right to hold public

13    office, the right to serve on a jury, and the right to

14    possess a firearm of any kind?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  Do you understand that in the federal

17    criminal system, parole has been abolished, and if you are

18    sent to prison, you will not be released early on parole?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  Has anyone, including Mr. Lozow, made

21    any promises, representations, or guarantees of any kind

22    to you about your case or the specific sentence I would

23    impose in order to persuade to you plead guilty?

24         THE DEFENDANT:  No, Your Honor.

25         THE COURT:  Has anyone forced you to plead guilty?

1          THE DEFENDANT:  No, Your Honor.

2          THE COURT:  Has anyone attempted in any way to

3     threaten you, your family, or anyone close to you in order

4     to force you to plead guilty?

5          THE DEFENDANT:  No, Your Honor.

6          THE COURT:  Mr. Lozow, did you review the facts of

7     this case and all of the discovery provided by the

8     Government?

9          MR. LOZOW:  I did, Your Honor.

10         THE COURT:  Did you review those facts and that

11    discovery with Mr. Iley?

12         MR. LOZOW:  We reviewed it carefully.

13         THE COURT:  Did you pursue with him any potential

14    defense he might have to the charges?

15         MR. LOZOW:  We talked about that option, Your

16    Honor.

17         THE COURT:  Have you advised him concerning the

18    legality or admissibility of any statements, confessions,

19    or other evidence the Government has against him?

20         MR. LOZOW:  We have gone over the evidence that

21    would be likely produced by the Government.

22         THE COURT:  And, to the best of your knowledge, is

23    he pleading guilty because of any illegally-obtained

24    evidence in the possession of the Government?

25         MR. LOZOW:  Not that I know of, Judge.

1          THE COURT:  Did you and he agree that it was in his

2     best enter for enter this plea of guilty?

3          MR. LOZOW:  We did, Your Honor.

4          THE COURT:  Is it your opinion that he is entering

5     this plea freely and voluntarily, with full knowledge of

6     the charges and the consequence of his pleas?

7          MR. LOZOW:  He is guilty of the charges he is

8     pleading to and is accepting responsibility for that by

9     this plea.

10          THE COURT:  All right.  Other than as set forth in

11     the plea agreement, have there been any promises,

12     representations, or guarantees made either to you or to

13     Mr. Iley?

14          MR. LOZOW:  No, Your Honor.

15          THE COURT:  Do you know of any reason why I should

16     not accept his pleas of guilty?

17          MR. LOZOW:  I know of none at this time, Your

18     Honor.

19          THE COURT:  Do you concur in the waiver of jury

20     trial and in the pleas?

21          MR. LOZOW:  I do.

22          THE COURT:  Mr. Larson, other than set forth in the

23     plea agreement, has the Government made any promises,

24     representations, or guarantees either to Mr. Iley or his

25     lawyer?

1          MR. LARSON:  No, Your Honor.

2          THE COURT:  Does the Government consent to the

3    defendant's waiver of jury trial conditioned upon this

4    matter being resolved in accordance with the plea

5    agreement?

6          MR. LARSON:  Yes, Your Honor.

7          THE COURT:  Mr. Iley, are you satisfied with the

8    representation that Mr. Lozow has provided to you?

9          THE DEFENDANT:  Yes, Your Honor.

10         THE COURT:  Have you told him everything you know

11   about your case?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Do you believe he has fully considered

14   any defenses you might have to the charges?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  Do you believe he has fully advised you

17   concerning your case?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  Have you had enough time to discuss

20   your case with Mr. Lozow?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  Did he or anyone else tell you how you

23   had to answer my questions in this hearing today?

24         THE DEFENDANT:  No, Your Honor.

25         THE COURT:  Have you understood everything I have

1    told you and everything I have asked of you here today?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  Do you believe you understand the

4    consequences to you of entering these pleas of guilty?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  Do you believe you are competent to

7    make the decision to plead guilty?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Do you know of any reason at all why I

10   should not accept your pleas of guilty?

11         THE DEFENDANT:  No, Your Honor.

12         THE COURT:  Do you understand, then, that all that

13   will be left in your case, in the event I do accept your

14   pleas of guilty, is the imposition of sentence, which will

15   include imprisonment?

16         THE DEFENDANT:  Yes, Your Honor.

17         THE COURT:  Having in mind then everything we have

18   discussed up to this point regarding your pleas of guilty,

19   the rights you are giving up, and the maximum sentence I

20   could impose, do you still wish to plead guilty?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  Are you requesting that I receive,

23   accept, an approve your plea agreement as stated in

24   Exhibit 1?

25         THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Mr. Lozow, any reason not to accept the

2     plea agreement?

3          MR. LOZOW:  Not that I know of, Judge.

4          THE COURT:  Mr. Larson, any reason not to accept

5     the plea agreement?

6          MR. LARSON:  No, Your Honor.

7          THE COURT:  Other than re-arraigning Mr. Iley, do

8     counsel agree that the Court has complied with the

9     requirements of Rule 11?

10          MR. LARSON:  Government does, Your Honor.

11          MR. LOZOW:  We do, Your Honor.

12          THE COURT:  All right.  Mr. Lozow, does Mr. Iley

13     seek permission to withdraw his pleas of not guilty as to

14     Counts 12 and 28 of the Indictment?

15          MR. LOZOW:  He does.  He is ready to be arraigned

16     on those counts.

17          THE COURT:  All right.  That permission is granted.

18     The defendant's pleas of not guilty as to Counts 12 and 28

19     of the Indictment are withdrawn.

20          Mr. Larson, please re-arraign Mr. Iley.

21          MR. LARSON:  In the United States District Court

22     for the District of Colorado, in Criminal Case No.

23     16-cr-00284--CMA, United States of America v. Donald Iley,

24     the Government has brought an Indictment.

25          Mr. Iley, are you the same individual who is

1    identified as the defendant in this Indictment?

2         THE DEFENDANT:  Yes.

3         MR. LARSON:  With respect to Count 12, charging a

4    violation of 18 U.S.C. Section 1343, specifically, in the

5    State and District of Colorado, Donald Iley, for the

6    purpose of executing a scheme to defraud, as described in

7    the Indictment, transmitted and caused to be transmitted

8    by means of wire communication and interstate commerce

9    writing, signs, and signals; that is, Automated Clearing

10   House transactions that transferred funds in the amounts

11   identified in the Indictment from the bank account of the

12   payroll clients identified in the Indictment as W.R.G.

13   Inc., to the Iley & Associates bank account at U.S. Bank,

14   Account No. ending in 4136.

15        To Count 12, which charges this as a violation of

16   Title 18 United States Code Section 1343, how do you

17   plead; guilty, or not guilty?

18        THE DEFENDANT:  Guilty.

19        MR. LARSON:  Count 28, the defendant is charged

20   with a violation of 26 United States Code Section 7206(2);

21   aiding in the preparation of false tax returns,

22   specifically, in the State and District of Colorado, the

23   defendant, Donald Iley, willfully aided and assisted in,

24   procured, counseled, and advised the preparation and

25   presentation to the Internal Revenue Service a Form 941,

1    U.S. Employer's Quarterly Tax Return for the taxpayer

2    identified in the Indictment as M.M., Inc. for the second

3    quarter 2015.

4         The return was false and fraudulent as to material

5    matters, and that the return represented that the

6    taxpayer, M.M., Inc. did not owe any Social Security or

7    Medicare taxes when, as Donald Iley then and there knew,

8    the taxpayer did owe Social Security and Medicare taxes.

9         To this Count 28, which charges a violation of 26

10   United States Code Section 7206(2), how do you plead;

11   guilty, or not guilty?

12        THE DEFENDANT:  Guilty.

13        MR. LARSON:  Sir, the Indictment also provides a

14   notice of a forfeiture allegation with respect to Count

15   12.  Specifically, the Indictment notifies you that the

16   defendant, Donald Iley, shall forfeit to the United

17   States, pursuant to 18 United States Code Section

18   981(a)(1)(C) and Title 28 United States Code Section

19   2461(c) any and all rights, title, and interest in all

20   property constituting and derived from any proceeds he

21   obtained directly or indirectly as a result of such

22   offense or shall be liable for a money judgment in the

23   amount of the proceeds that he obtained as a result of the

24   scheme charged in Count 12.

25        To this allegation, do you admit or deny the

1    forfeiture allegation?

2              THE DEFENDANT:  I admit.

3              THE COURT:  Thank you, Mr. Larson.

4              At this time, Mr. Iley, I need to make certain

5    findings for the Court record.  If you do not understand

6    what I am saying, or if you merely want to stop and speak

7    privately with Mr. Lozow, just ask Mr. Lozow to interrupt

8    me.  Okay?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  In the matter of Criminal Case No.

11   16-cr-00294-CMA, encaptioned United States of America v.

12   Donald Iley, the Court, having questioned the defendant

13   and his attorney on the offer of his pleas of guilty to

14   one count of violation of 18 United States Code Section

15   1343; wire fraud, and one count of violation of 26 United

16   States Code Section 7206(2); aiding in the preparation of

17   false tax returns, both felonies.  The defendant and his

18   attorney, having advised the Court they have conferred

19   concerning those offered pleas of guilty and all aspects

20   of the charges against the defendant and any defenses he

21   might have.  The Court, having observed the defendant's

22   intelligence, demeanor, and attitude while answering the

23   questions in this hearing today.  And the Court, having

24   observed that the defendant does not appear to be under

25   the influence of any medicine, drug, or other substance or

1    factor that might affect his actions or judgment in any

2    manner, the Court finds as follows:

3        The defendant is fully competent and capable of

4    entering informed pleas, and he is aware of the nature of

5    the charges and the consequence of his pleas.  He has

6    discussed his plea agreement with his attorney.  He has

7    been represented throughout the course of this case and in

8    this hearing by competent and effective counsel with whom

9    he has no objection, criticism, or complaint.

10        He has read and understands the terms of his plea

11    agreement.  He has signed both the plea agreement and

12    statement by the defendant.  He has voluntarily,

13    knowingly, and intelligently entered pleas of guilty to

14    both offenses, and he has a full understanding of the

15    nature, circumstances, factual basis, and essential

16    elements of each charge.

17        His pleas of guilty are not the results of mistake,

18    misunderstanding, fear, coercion, or undue influence.  His

19    pleas of guilty are not the result of any promises or

20    representations made to him by anyone, including his own

21    attorney, except as to those matters discussed in this

22    hearing or included in his plea agreement.

23        He understands each of his legal rights in this

24    case, including the right to trial by jury, his right to

25    be represented during all stages of these criminal

1    proceedings by an attorney, including his right to

2    court-appointed counsel if indigent.

3         He understands the maximum sentence of

4    imprisonment, the maximum fine, the special assessment,

5    the terms of supervised release, and restitution that this

6    Court may impose.

7         He also understands that this Court is not bound by

8    any sentence recommended in the plea agreement.  And he

9    further understands that he will not be able to withdraw

10   his pleas of guilty even if the Court does not follow the

11   recommendation.

12        He understands every essential element of the

13   offenses to which he has pled guilty, and his pleas are

14   supported by an independent factual basis containing each

15   of the essential elements of each offense.

16        It is therefore ordered that Court Exhibits 1 and 2

17   are admitted and accepted.  The pleas, as made in open

18   court today, are accepted, and the defendant is adjudged

19   guilty of one count of violation of 18 United States Code

20   Section 1343; wire fraud, and one count of violation of 26

21   United States Code Section 7206(2); aiding in the

22   preparation of false tax returns.

23        The defendant is referred to the probation

24   department for a presentence investigation report.  The

25   probation department shall conduct a presentence

1    investigation and submit a presentence report as required

2    by Federal Rule of Criminal Procedure 32.

3        Now, Mr. Iley, your sentencing hearing won't take

4    place for several months.  Before that time, a probation

5    officer will be in touch with you to speak with you and

6    gather information that will be included in this report

7    that I will review for purposes of determining what

8    sentence I should impose.

9        Now, when you speak to the probation officer, your

10   lawyer may be present with you if you wish.  I will not

11   see that report until it has first been submitted to you.

12   So if you have any objections to the contents of the

13   report, Mr. Lozow can file objections on your behalf.

14       At the sentencing hearing, I am sure I am going to

15   hear argument on your behalf from Mr. Lozow.  I will

16   probably hear argument on behalf of the Government from

17   Mr. Larson.  But you also will be allowed to make your own

18   personal statement to me on your own behalf before I

19   impose sentence if you wish.  Okay?

20       THE DEFENDANT:  Yes, Your Honor.

21       THE COURT:  A sentencing hearing in this matter is

22   set for July 13, 2017, at 11:00 a.m.

23       Mr. Iley, you are ordered to appear on that date

24   and time without further notice or order of this Court.

25   All dates other than the sentencing date are vacated.  Any

1    pending motions are denied as moot.

2         Mr. Lozow and Mr. Larson, you are ordered to file

3    any sentencing positions you may have, including motions

4    for departure or variant sentence, and any other motions

5    at least 14 days before that sentencing hearing.  Any

6    responses or objections to those filings must be filed at

7    least 7 days before the sentencing hearing.

8         Is there anything further to be brought to the

9    Court's attention?

10        MR. LARSON:  Your Honor, there is one matter that I

11   would like to put on the Court's radar, and that concerns

12   the restitution determination in this case.  As noted, I

13   think both in the plea agreement and in the statement by

14   defendant, this will be a complex task.

15        And, just foreshadowing, in the plea agreement

16   there is 140 businesses that have been identified, and

17   there is a relatively dynamic process that is ongoing with

18   respect to which party has the loss.

19        The Government is going to work diligently to

20   provide the Court with the information it needs and

21   provide the defendant with the information that it needs

22   with respect to that determination.  But there is an

23   additional complexity, which is there is an ongoing

24   bankruptcy proceeding.  And to the extent that that

25   bankruptcy proceeding also paid out potentially moneys to

1    victims, that will also potentially complicate the

2    restitution hearing determination.

3            THE COURT:  So the loss amount is not in issue.

4    The restitution is not in issue except for whatever gets

5    paid back through different sources and to whom it gets

6    paid.

7            MR. LARSON:  It is not an intended loss issue, Your

8    Honor, for sentencing guideline purposes, that is clear.

9    It is the actual payment of loss.

10           THE COURT:  Okay.

11           MR. LARSON:  If Your Honor thinks about it in this

12   way, this was the amount that was supposed to be paid to

13   the IRS.  The IRS didn't receive that money.  There were

14   taxpayers that paid that money to Mr. Iley, but that money

15   then didn't go to the IRS.

16           At some point through this process, some of those

17   taxpayers have now had to pay additional moneys to the

18   IRS.  With respect to that first amount, then the IRS

19   would have been satisfied with respect to restitution, but

20   the other victims would have potentially doubled the

21   amount of restitution coming to them.

22           These are some of the complexities that I just

23   wanted to put on the Court's --

24           THE COURT:  Do you think we are going to need

25   longer than an hour for the sentencing hearing?

1          MR. LARSON:  It is possible we may need more than

2     an hour.  It is also possible, Your Honor, that for some

3     subset of victims, that we might be in a situation under

4     18 U.S.C. 3664(d)(5), that we might have some questions

5     that remain outstanding that need to get answered with

6     respect to restitution.

7          THE COURT:  So do you think we need to push the

8     sentencing hearing out further?

9          MR. LARSON:  We can do that.  Or, alternatively, we

10     can work diligently to see if we can come up with an

11     answer that is going to be satisfactory before then, and

12     meet the sentencing date that has been scheduled.  Then,

13     if we do need that extra time, with respect to

14     restitution, we will alert the Court in advance.

15          THE COURT:  Well, I am thinking that if we may need

16     more than an hour, then I should schedule this for 3

17     o'clock in the afternoon as opposed to 11 o'clock.

18     Because I have a noon engagement, then I have a 2 o'clock

19     change of plea.  It seems to me if we want to keep it on

20     that same date, we may need to bump it to late afternoon.

21          MR. LARSON:  3 p.m. is fine for me.

22          THE COURT:  Mr. Lozow, how does that look on your

23     calendar?

24          MR. LOZOW:  Just one moment.  I have something, but

25     I can change that, Your Honor.

1          THE COURT:  Why don't we reschedule this.  The

2     sentence hearing will be set for July 13th at 3:00 p.m.

3     That way we have the rest of the afternoon, a couple

4     hours, at least.  And if we don't need it, we don't need

5     it.  If we do, we are not bound by the 1 hour we normally

6     set for these things.

7          MR. LARSON:  Thank you, Your Honor.

8          THE COURT:  I take it you have no objection to

9     having Mr. Iley remain on bond?

10         MR. LARSON:  No objection.

11         THE COURT:  The Court finds that the defendant's

12    bond conditions do reasonably assure that he will not flee

13    or pose a danger to any other person or the community.

14    And, as such, I hereby allow Mr. Iley to remain free on

15    bond subject to the same terms and conditions as set forth

16    in the order setting the conditions of his release.

17         If there is nothing further, then, court will be in

18    recess.

19         (Proceedings conclude at 3:34 p.m.)

20

21

22

23

24

25

1

2          **R E P O R T E R ' S    C E R T I F I C A T E**

3

4          I, Darlene M. Martinez, Official Certified

5    Shorthand Reporter for the United States District Court,

6    District of Colorado, do hereby certify that the foregoing

7    is a true and accurate transcript of the proceedings had

8    as taken stenographically by me at the time and place

9    aforementioned.

10

11

12          Dated this 28th day of July, 2017.

13

14          _____

15          s/Darlene M. Martinez

16          RMR, CRR

17

18

19

20

21

22

23

24

25