IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:16-cr-00284-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DONALD ILEY,

    Defendant.
_____

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582 (Doc. 84)**
_____

    Defendant Donald Iley is seeking relief pursuant to Amendment 821 and the retroactive application of the "zero-point offender" provisions of U.S.S.G. § 4C1.1. *See* Motion: Doc. 84. Even though Defendant Iley had zero criminal history points, he is not eligible for this reduction because he "personally caused substantial financial hardship" to numerous victims. *See* PSIR: Doc. 37 at 10-14; *see also* U.S.S.G. § 4C1.1(a)(6). For those and the following reasons, his motion for reduction of sentence should be denied.

    I.    <u>Procedure for Sentence Reduction</u>.

    A defendant is eligible for a sentence reduction if Amendment 821 is applicable to the defendant and lowers the defendant's previously calculated guideline range, and if the defendant did not previously receive a sentence at or below the bottom of the now-amended range (other than due to substantial assistance). Even if the defendant is eligible, a district court has discretion to deny a reduction. Further, a proceeding under Section 3582(c)(2) is not a full resentencing proceeding under § 1B1.10(a)(3) and does

1

not permit reconsideration of other sentencing determinations not altered by the guideline amendment.[1]

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that § 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 821. The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid.*
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A) . . ..
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

---

[1] Thus, a new sentence entered under § 3582(c)(2) is not a new judgment for purposes of allowing a new habeas petition under 28 U.S.C. § 2255. *United States v. Quary*, 881 F.3d 820, 822 (10th Cir. 2018).

A. <u>Zero-Point Offenders</u>.

The zero-point provision, § 4C1.1 applies to a defendant who has no criminal history points under the established provisions of the Guidelines, including because prior convictions are too stale or not assigned points for other reasons, and meets the eligibility criteria. If the defendant is eligible, his offense level is reduced by two levels below the offense level otherwise produced by applications of Chapters Two and Three. However, the new provision includes numerous eligibility criteria which excludes many zero-point offenders. *See* U.S.S.G. §4C1.1(a)(1)-(10).

While Defendant Iley is eligible for this relief based on the fact he had no criminal history points, he is not eligible for a reduction because, as noted above, because he "personally caused substantial financial hardships to numerous victims" in the commission of his instant offenses. *See* U.S.S.G. § 4C1.1(a)(6). In determining whether the defendant's acts or omissions resulted in "substantial financial hardship" to a victim, the court shall consider, among other things, the non-exhaustive list of factors provided in Application Note 4(F) of the Commentary to § 2B1.1. *See* U.S.S.G. §4C1.1(b)(3).

At sentencing, the Court adopted the Presentence Investigation Report without change. *See* Statement of Reasons: Doc. 64 at 1. Defendant Iley was found to owe over $9.7 million is restitution to numerous victims. *See* PSIR: Doc. 37 at 11-14. Several of those victims indicated in their victim impact statements that the losses caused by the defendant significantly impacted their relationships with their shareholders, that the losses could result in them having to close their businesses, that partnerships were dissolved due to stresses on business relationships, and other significant financial hardships. *Id.* In his plea agreement, the Defendant stipulated that he "was responsible for an intended

3

loss of at least 11 million dollars, which resulted in financial harm to the IRS and more than 140 businesses in Colorado." *Id*. at Para. 37.

II. <u>Conclusion</u>.

For these reasons, and pursuant to the exclusion at U.S.S.G. § 4C1.1(a)(6), Defendant Iley is not eligible for the relief he is seeking pursuant to Amendment 821.

Respectfully submitted this 19th day of August, 2024.

                                              MATT KIRSCH
                                              Acting United States Attorney

By:   *s/ JD Rowell*
        JD Rowell
        Assistant United States Attorney
        United States Attorney's Office
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        Email: jd.rowell@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this 19th day of August, 2024, I electronically filed the foregoing **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582 (Doc. 231)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

Donald Iley
Reg. No. 43774-013
Yankton Federal Prison Camp
P.O. Box 700
Yankton, SD 57078

                By:  *s/Stephanie Price*
                      Supervisory Legal Assistant
                      United States Attorney's Office